UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON R. BOHLINGER,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | CAUSE NO. 3:21-CV-100-RLM-MGG |

OPINION AND ORDER

Jason R. Bohlinger, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge the habitual offender enhancement to his sentence under Case No. 02D04-603-FB-47. Following a trial, on July 17, 2006, the Allen Superior Court sentenced him as a habitual offender to forty-seven years of incarceration, relying on a prior conviction for perjury in Case No. 02C01-8904-CF-11. The court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4.

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Bohlinger doesn't provide all relevant dates but represents that the Court of Appeals of Indiana affirmed the dismissal of his initial petition for post-conviction relief on June 23, 2011. For purposes of this order, the court will construe the petition in the light most favorable to Mr. Bohlinger and assume his conviction became final and the limitations period began to run on June 23, 2011. The limitations period expired one year later on June 23, 2012. Mr. Bohlinger made additional efforts to obtain post-conviction relief in 2018 and 2019, but these efforts didn't restart the federal limitations period or "open a new window for federal collateral review." De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009). Because Mr. Bohlinger filed the petition nine years too late, the court must deny the petition as untimely.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that reasonable jurists would debate the correctness of today's procedural ruling, so there is no basis for encouraging Mr. Bohlinger to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Jason R. Bohlinger a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on February 17, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
